Moore v. Bond.

## HENRY MOORE vs. LEONARD BOND & al.

If the notice to the creditor states that the debtor intends to take the oath provided by the poor debtor act of 1835, instead of that of 1836, and the creditor appears without objection, and examines the debtor, the justices, have jurisdiction, and are entitled to proceed.

Under those acts, in determining when the six months expire, the day of the date of the bond should be excluded.

The act of 1835 does not take away the power given to the justices by previous acts on the same subject, to adjourn the examination to the next day.

If the justices, *at the request of the creditor*, adjourn the examination to the next day, being the day after the expiration of the six months, and then administer the oath and discharge the debtor, the law excuses strict performance, and will not suffer the creditor to take advantage from an act procured to be done by himself.

If the magistrates, in their certificate, refer to the act of 1835, instead of the act of 1836, as containing the oath administered, and annex a copy thereof, which shows that the proper oath was in fact administered, it is sufficient.

When a paper offered in evidence is referred to in a bill of exceptions, by a particular name or description, the legal presumption is, that the whole paper is intended to be presented to the court of law, and not so much of it only as may best comport with the description of it.

EXCEPTIONS from the Western District Court, WHITMAN J. presiding.

Debt on a bond, dated *October* 2, 1838, given by *Bond*, as principal, and the other defendant, as surety, to the plaintiff, to procure the release of *Bond* from imprisonment, on being arrested on an execution against him in favor of the plaintiff. On *March* 18, 1839, the keeper of the prison at the request of *Bond*, who was not then in confinement within the prison, applied to a justice of the peace who issued a notice to the plaintiff, which was served the same day, notifying him of the intention of *Bond* to take the benefit of the act entitled " An act for the relief of poor debtors," at the prison in *Portland*, on the 2d day of *April*, 1839. This was the title of the poor debtor acts of 1822 and of 1835, but not of that of 1836. *Bond* appeared at the prison, before two justices, on the second of *April*, and the plaintiff also attended and put interrogatories to the debtor. The justices " adjourned from *April* 2d, 1839, to the next day, *April* 3d, 1839, at the request of the

plaintiff, the debtor not objecting," and on that day " *Bond* was admitted to take the poor debtors' oath and was discharged." The other facts sufficiently appear in the opinion of the Court. The Judge ruled, that the plaintiff had failed to make out his case, and the plaintiff filed exceptions.

*Howard & Osgood,* for the plaintiff, argued in support of the five objections to the validity of the proceedings noticed in the opinion of the Court. In support of the first, they cited *st.* 1835, *c.* 195, § 10; *st.* 1836, *c.* 245, § 7; *Slasson* v. *Brown,* 20 *Pick.* 436; *Knight* v. *Norton,* 3 *Shepl.* 337. In support of the second, *Wheeler* v. *Bent,* 4 *Pick.* 167; *Presbrey* v. *Williams,* 15 *Mass. R.* 193; *Pease* v. *Norton,* 6 *Greenl.* 230; *Windsor* v. *China,* 4 *Greenl.* 298. In support of the third, *Ellis* v. *Paige,* 1 *Pick.* 45. In support of the fourth, *Prescott* v. *Wright,* 6 *Mass. R.* 20; *Heywood* v. *Hildreth,* 9 *Mass. R.* 393; *Waterhouse* v. *Waite,* 11 *Mass. R.* 207.

*Fessenden & Deblois,* argued for the defendants.

That under the *st.* 1835, *c.* 195, the justices who administered the oath might lawfully adjourn the examination of the debtor from day to day. This authority is a fair inference from the act itself. Again, the justices are in this regard constituted a court, and clothed with judicial power as to the subject matter of the statute. As a court, therefore, they have the power to adjourn, as incidental. *Cordis* v. *Sager,* 2 *Shepl.* 475; *Black* v. *Ballard,* 1 *Shepl.* 239; *Agry* v. *Betts,* 3 *Fairf.* 417; *Hayward, Pet'r,* 10 *Pick.* 358; *Haskell* v. *Haven,* 3 *Pick.* 404.

The objection, that the day on which the oath was administered was after the expiration of six months from the date of the bond, is fully answered by the case *Murray* v. *Neally,* 2 *Fairf.* 238.

The continuance having been granted on the motion of the creditor, he cannot now take advantage of his own motion, to render this act a breach of the bond. This would be taking advantage of his own wrong. *Haskell* v. *Haven,* 3 *Pick.* 404.

But as the debtor did all in his power to keep the bond and its condition, the creditor cannot avail himself of the breach. 10 *East,* 100; *Pease* v. *Norton,* 6 *Greenl.* 229; *Lewis* v. *Staples,* 8 *Greenl.* 173.

The opinion of the Court was drawn up by

SHEPLEY J. — The proceedings offered in evidence by the defendants, to prove a performance of the condition of the bond, are alleged to be insufficient for that purpose.

1. Because the notice to the creditor stated, that the debtor proposed to take the oath provided by the act of 1835, instead of that provided by the act of 1836. The object of the notice is to afford him an opportunity to appear and examine the debtor ; and he did appear without objection and examine, and when both parties were present before the magistrates, and entered upon the examination at the time and place appointed, there can be no doubt, that they had jurisdiction and were entitled to proceed. It is analagous to a defective service, which becomes immaterial, when the party has appeared without objection. And so it was considered, in *Haskell* v. *Haven*, 3 *Pick*. 408.

2. It is said, that the day of the date of the bond, should be included in the computation of the six months. It was the intention of the legislature to allow the debtor six months to fulfill the conditions of the bond ; and if there were any doubt respecting the construction, the principle established in *Windsor* v. *China*, 4 *Greenl.* 298, that, to save a forfeiture, the court should adopt a liberal one, requires, that the day should be excluded.

3. It is alleged, that the magistrates adjourned without any legal authority for it. By the prior acts they were authorized to adjourn, and the act of 1835 repeals only so much of them, as are inconsistent with its provisions, and as relate to jail yards and limits. If all the provisions in former acts, relating to the same subject, were to be regarded as repealed, there would be no longer any law requiring the justices to keep a record of their proceedings, or authorizing an adjournment, or the creditor to receive the answers, which the debtor had made and signed; and that part of the fourth section of the act of 1835, relating to the disclosure, would be obscure and defective; for while it provides, that the debtor shall sign and make oath to the same, it makes no provision, that the interrogatories shall be put and answered in writing. There is no express repeal of the former provisions on any of these subjects; nor can any inference be drawn from any

Moore v. Bond.

thing in the act of 1835, that such was the intention, while there is much to authorize a different conclusion.

4. It is said, that the defendants did not actually perform the condition, by taking the oath within the six months. The argument assumes, that, as a necessary consequence, the plaintiff is entitled to recover. Such, however, is not the conclusion of the law, for a strict performance is, in certain cases, excused. It is so, where the law interposes and prevents it, or the obligee, by his own act, occasions it. *Com. Dig. Cond. L.* 6 and 13. The plaintiff, in this case, procured the adjournment, and thereby occasioned the delay of which he now seeks to take advantage; but the law, by excusing performance under such circumstances, does not permit him to do it.

5. Because the proper oath was not administered. Although the certificate of the magistrates refers, by the title, to the act of 1835, instead of the act of 1836, as containing the oath administered, yet the copy of the oath, annexed to the certificate, and signed by the debtor, shows that the proper oath was administered. This, it is said, forms no part of the case, because, in the bill of exceptions, it is only stated, " said certificate is to form a part of this case." When a paper, offered in evidence, is referred to in a bill of exceptions, by a particular name or description, the legal presumption is, that the whole paper is intended to be presented to the court of law, and not so much of it only as may best comport with the description of it.

*Exceptions overruled.*